**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Hughes and Jean Hughes, | No. CV 09-2200-PHX-MHM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Green Point Mortgage Funding, Inc.; BAC Home Loans Servicing, LP; FKA Countrywide Home Loans Servicing LP; Marin Conveying Corp.; Recontrust Company, N.A.; and Mortgage Electronic Registration Systems, Inc., et al. | |
| Defendants. | |

Currently pending before the Court is Plaintiffs Kenneth and Jean Hughes' Amended Complaint, Request for New Judge to Be Appointed to Take Immediate Action to Issue a Temporary Restraining Order to Postpone Trustee's Sale (Dkt.#13).

On November 30, 2009, Plaintiffs lodged the instant petition for a Temporary Restraining Order (TRO) with the Court. The petition concerns a Trustee's Sale of Plaintiff's home that is scheduled to occur on December 3, 2009, four days after the petition was been filed. Plaintiff has asked that the Court enjoin the sale.

It appears as though Plaintiff has not provided Defendants with any notice of the instant TRO petition at this time. Essentially, Plaintiff has requested an *ex parte* hearing where she would ask the Court to issue a TRO without notice to the opposing parties. Rule 65(b) of

the Federal Rules of Civil Procedure requires that any TRO issued without notice include "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). In the instant case, Plaintiff's petition has not met the demands of Rule 65(b), since her petition has not been accompanied with an affidavit or a verified complaint that explains why Defendants have not been provided with notice of this matter, thereby justifying the Court to proceed in their absence.

In addition, based on the limited information that has been submitted to the Court, it is altogether unclear why Defendants have not been provided with notice of the instant TRO or why Plaintiff made a last minute request to this Court. Presumably, Plaintiff has for some time been aware of the pending nature of Thursday's Foreclosure/Trustee's Sale. As such, there is no obvious reason why Plaintiff should not have been able to alert Defendants to the instant action in time for their representatives to make an appearance before the Court. The Ninth Circuit has cautioned district courts against issuing a TRO without notice to the adverse party, stating that the "[c]ircumstances justifying the issuance of an ex parte order are extremely limited." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423 (1974)). The Court is unwilling to utilize this drastic and exceptional remedy given Plaintiff's failure to comply with the procedural demands of Rule 65(b) Fed. R. Civ. P. Unfortunately, by waiting until the last minute, Plaintiffs have left themselves very little time to attempt to provide notice to Defendants and try to schedule a hearing prior to the sale. However, to the extent that they are able to do so in the future, the current request is denied without prejudice to being reurged when the requirements of Rule 65(b) are met.

/ / /

1  **Accordingly,**

2  **IT IS HEREBY ORDERED** denying Plaintiffs' Request for a Temporary Restraining

3  Order.  (Dkt.#13)

4  DATED this 1ˢᵗ day of December, 2009.

5

6

7                                    _____
                                     Mary H. Murguia
8                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28